UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARKISHAN PAREKH, derivatively on behalf of CENTENE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL F. NEIDORFF, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>CENTENE CORPORATION,<br><br>　　　　Nominal Defendant. | Case No. 4:18-CV-00113-NAB |

**MEMORANDUM AND ORDER**

This shareholder derivative case is currently before the Court on the Motion to Consolidate and Appoint Lead Plaintiff and Lead Counsel, filed by Plaintiff Harkishan Parekh, ("Parekh"). (Doc. 17). In his motion, Parekh seeks to consolidate the instant case with another shareholder derivative action[1] brought on behalf of Nominal Defendant Centene Corporation, which is currently pending before the Honorable Catherine D. Perry of this district, and which is docketed as Case Number 4:18-CV-00393-CDP (the "Wood & Peoria case"). The Plaintiffs in the Wood & Peoria case ("Movants") likewise filed a Motion to Consolidate the Related Action,

---

[1] Laura Wood ("Wood") and Peoria Police Pension Fund ("Peoria"), derivatively and on behalf of Centene Corporation v. Michael F. Neidorff, et al., defendants, and Centene Corporation, nominal defendant.

Appoint Lead Plaintiffs, and Appoint Lead Counsel.[2] (Doc. 4). None of the Defendants have filed a response in opposition to either motion. Movants filed a response to Parekh's motion, in which they do not oppose consolidation, but do oppose the appointment of Parekh as lead plaintiff and his counsel as lead counsel in the litigation. (Doc. 21). Parekh filed a reply, in which he opposed Movants' request to be appointed as lead plaintiffs and lead counsel. (Doc. 23).

## I.  BACKGROUND

This stockholder derivative action arises out of Centene Corporation's ("Centene") purchase of Health Net, Inc. ("Health Net"). Parekh and Wood are individuals who held Centene stock at the time of the merger with Health Net, and continue to hold such shares. Peoria is an institutional plaintiff holding approximately 1,538 shares of Centene stock both now and at the time of the merger. Both Parekh and Movants bring substantially similar shareholder derivative claims in which they seek to hold Centene's Board of Directors and certain executive officer of Centene (collectively "Defendants") liable for consciously participating in a scheme to misrepresent the business health of Health Net prior to, during, and after Centene's merger with Health Net, in order to gain shareholder and regulatory approval for the merger of the two companies. Both actions allege that Centene's directors and senior officers breached their fiduciary duties by causing Centene to solicit a shareholder vote for the merger based on false, misleading, and incomplete financial information, and failing to disclose Health Net's actual revenue, income, and liabilities.  Plaintiff and Movants now seek to consolidate the instant actions.

---

[2]  Because plaintiffs in the Wood & Peoria case are not plaintiffs in the action currently pending before the undersigned, they entered their appearance and filed their motion as movants before this court.

### II. DISCUSSION

Under Rule 42(a) of the Federal Rules of Civil Procedure, the Court "may" consolidate actions before the Court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion in deciding whether to order consolidation. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690-SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).

The Court finds that Parekh and Movants have met their burden of showing that consolidation is appropriate here. As discussed above, both cases allege that Centene's directors and senior officers breached their fiduciary duties owed to Centene. Both actions allege that Centene's directors and senior officers caused Centene to solicit a shareholder vote approving the merger with Health Net based on false, misleading, and incomplete financial information, and failed to disclose Health Net's actual revenue, income, and liabilities. Therefore, both actions arise from a common nucleus of operative facts and involve virtually identical questions of law. The nearly identical questions of law and fact that predominate clearly support consolidating the two currently pending shareholder derivative actions for all purposes under Rule 42(a). Furthermore, the Court finds that consolidation of the instant action with the Wood & Peoria case is appropriate because it would not cause delay or unfair prejudice to Defendants, and because it is likely to promote efficiency and judicial economy. Accordingly, the Court will grant Plaintiff's and Movants' motions to consolidate.

Under the Local Rules of the United States District Court for the Eastern District of Missouri, the district or magistrate judge presiding in the lowest-numbered case shall rule on a motion to consolidate. E.D.Mo. L.R. 4.03. If the motion is granted, the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case. *Id*. Therefore, the cases shall be consolidated into the instant action. However, not all of the parties involved in the litigation have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Therefore, because the undersigned will not have jurisdiction over the consolidated action, the Court will order the Clerk of the Court to reassign the consolidated case to District Judge Catherine D. Perry, with whom the undersigned has conferred, and who has agreed to such reassignment.

Finally, because the consolidated case will be reassigned to Judge Perry, the undersigned will at this time deny without prejudice both Plaintiff's and Movants' respective motions to be appointed lead plaintiff and lead counsel in the consolidated action. Because such a decision will be central to the consolidated litigation as it moves forward, it seems appropriate for the undersigned to defer ruling on such a matter, as it is better left to Judge Perry to make that determination.

### III.  CONCLUSION

For all of the above reasons, the Court finds that Parekh and Movants have demonstrated that consolidation is warranted here. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Consolidate and Appoint Lead Plaintiff and Lead Counsel (Doc. 17) is **GRANTED** in part and **DENIED** without prejudice in part.

**IT IS FURTHER ORDERED** that Movants' Motion to Consolidate Cases, Appoint Lead Plaintiffs, and Appoint Lead Counsel (Doc. 4) is **GRANTED** in part and **DENIED** without prejudice in part.

**IT IS FINALLY ORDERED** that the Clerk of the Court is ordered to consolidate Case Number 4:18-cv-00393-CDP into Case Number 4:18-cv-00113-NAB. Following such consolidation, the Clerk is ordered to reassign the consolidated case to District Judge Catherine D. Perry, who has agreed to such reassignment

Dated this 7th day of December, 2018.

*/s/ Nannette A. Baker*
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE